IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


THOMAS LOVATO,

    Plaintiff,

   v.                                                                               No. CIV 12-1278 MV/KBM

JAY MUELLER,
SHAWN HAWK,
MARYMARGRET A. RICCI,
MR. BEAIRD, WARDEN,
MR. HORTON, WARDEN,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint raises two claims of denial of access to the courts. Plaintiff alleges that, in 2007, he was injured when he was assaulted by other inmates during pretrial detention. Staff had previously been advised of the impending assaults but failed to protect Plaintiff. He was also denied adequate medical treatment for multiple permanent disabilities. Plaintiff alleges that he contacted two law firms to represent him in prosecuting his claims. Members of the law firms allegedly failed to prosecute Plaintiff's claims and conspired to deny him access to the courts. The two wardens acted to deny Plaintiff access to the courts by intimidation, discouraging him from pursuing his claims. For relief, the complaint seeks damages and equitable relief.

Plaintiff brings his claims against three private individuals as well as two prison wardens. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Private persons such as the three law-firm Defendants do not act "under color of state law," as required for purposes of section 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

On the other hand, a private person may act "under color of state law," § 1983, if the person conspires with a state official to deprive an individual of constitutional rights. *See Dennis v. Sparks*,

449 U.S. 24, 28-29 (1980).  Of course, as noted above, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Here, Plaintiff alleges only that (1) Defendant Ricci advised Defendants Horton and Beaird that Plaintiff had contacted the law firm, and (2) Defendants Mueller and Hawk failed to initiate civil actions on his claims.  Plaintiff's conspiracy allegations, even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), fail to "specifically present facts tending to show agreement and concerted action," *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983), as minimally required to support a complaint for conspiracy, *see id.*  Because Plaintiff's allegations do not support a claim of conspiracy against the private individual Defendants Mueller, Hawk, and Ricci, his complaint fails to state § 1983 claims for relief against them.

    IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Mueller, Hawk, and Ricci are DISMISSED; and Defendants Mueller, Hawk, and Ricci are DISMISSED as parties to this action.

    IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Horton and Beaird.

_____
UNITED STATES DISTRICT JUDGE