IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS LOVATO,

     Plaintiff,

v.                                             CIV 12-1278 MV/KBM

FNU BEAIRD, Warden,
FNU HORTON, Warden,
sued in their personal and official capacities,

     Defendants.

## ORDER TO SHOW CAUSE

As presiding District Judge Martha Vázquez summarized at the outset, in relevant part:

> The complaint raises two claims of denial of access to the courts. . . . Plaintiff alleges that he contacted two law firms to represent him in prosecuting his claims.  Members of the law firms allegedly failed to prosecute Plaintiff's claims and conspired to deny him access to the courts.  The two wardens acted to deny Plaintiff access to the courts by intimidation, discouraging him from pursuing his claims.  For relief, the complaint seeks damages and equitable relief.

*Doc. 9* at 2.

This matter is before the Court on the motion to dismiss by the remaining prison warden defendants.  The Court specifically ordered Plaintiff to respond to this motion no later than July 17, 2013.  *See Docs. 15, 17, 20, 21.*  The wardens move to dismiss because Plaintiff fails to allege the requisite actual injury because the "sole allegation against [them] is that a single interaction took place, in which Defendants allegedly suggested that Plaintiff not pursue his claims," and that the "Complaint explicitly

indicates it was a failure by Plaintiff's counsel that prevented him from pursuing his claims." *Doc. 15* at 2-3.  The docket reflects that while Plaintiff made an additional partial payment as of July 15, 2013, but that he has not filed the response ordered by the Court.  *See Doc. 22.*

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("We . . . dismiss the appeal *sua sponte* as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. . . .  Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines.  The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

Based on Plaintiff's failure to comply with the Court's order, which denied his request for "reconsideration" and for appointment of a public defender, *see Docs. 20, 21,* he will be required to show cause why this case should not be dismissed.

Wherefore,

**IT IS HEREBY ORDERED** that no later than Friday August 2, 2013, Plaintiff shall either file his response to the motion to dismiss, or file with the Court a response to this order showing cause why this case should not be dismissed.  **Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE