IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS LOVATO,

    Plaintiff,

v.                                                                                  CIV 12-1278 MV/KBM

FNU BEAIRD, Warden,
FNU HORTON, Warden,
sued in their personal and official capacities,

    Defendants.

## PROPOSED FINDINGS
## &
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the motion to dismiss by the remaining prison warden defendants. *See Doc. 15.* The Court specifically ordered Plaintiff to respond to this motion no later than July 17, 2013, and when he did not do so, entered an order requiring him to show cause why this case should not be dismissed for lack of prosecution. *See Docs, 21, 23.*

As previously noted, District Judge Martha Vázquez summarized this suit from the outset, stating in relevant part:

> "The complaint raises two claims of denial of access to the courts. . . . Plaintiff alleges that he contacted two law firms to represent him in prosecuting his claims. Members of the law firms allegedly failed to prosecute Plaintiff's claims and conspired to deny him access to the courts. The two wardens acted to deny Plaintiff access to the courts by intimidation, discouraging him from pursuing his claims. For relief, the complaint seeks damages and equitable relief."

*Doc. 23 (*quoting *Doc. 9* at 2). The wardens move to dismiss because Plaintiff fails to allege the requisite actual injury because the "sole allegation against [them] is that a single interaction took place, in which Defendants allegedly suggested that Plaintiff not pursue his claims," and that the "Complaint explicitly indicates it was a failure by Plaintiff's counsel that prevented him from pursuing his claims." *Doc. 15* at 2-3.

Plaintiff filed a response to the show cause order. It indicates that he desires to move the case forward, that he does not know why his attorneys failed to pursue an action, and alleges when the wardens talked to him other inmates wondered whether he was a "snitch." *See Doc. 25.* Nonetheless, for the reasons and authorities cited by Defendants, Plaintiff fails to allege the necessary "actual injury," which means an inability to pursue a lawsuit. Indeed, the fact that he was able to file this lawsuit establishes that he cannot make the requisite showing. *See Doc. 15* at 3-4; *see also e.g., Dmytryszyn v. Werholtz,* ___ F. App'x ___, ___, No. 13-1003, 2013 WL 2477329, at *1 (10th Cir. Jun. 11, 2013) (preliminary injunction seeking report that allegedly would show police officers improperly failed to separate witnesses in context of access to court claim, properly denied for lack of actual injury); *Dmytryszyn v. Werholtz,* ___ F. App'x ___, ___, No. 12–1491, 2013 WL 2479597, at *3 (10th Cir. Jun. 11, 2013) (claim that prison officials impeded efforts to file dismissed for lack of actual injury); *Craft v. Middleton,* ___ F. App'x ___, ___, No. 12-6245, 2013 WL 1490918 (10th Cir. Apr. 12, 2013) (claim that attorney caused late filing dismissed for lack of actual injury).

Since actual injury is the cornerstone to an access to the courts claim and that is the only basis for relief here, this case should be dismissed.

Wherefore,

-3-

**IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss *(Doc. 15)* be granted, and this case be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE